UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62463-CV-ALTMAN
MAGISTRATE JUDGE REID

JOHNSON CUFFY,

     Petitioner,

v.

MARK S. INCH,
SEC'Y FLORIDA DEP'T OF CORR.

     Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I.   Introduction

The *pro se* petitioner, Johnson Cuffy, a convicted state felon, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence following a jury trial in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County Case No. 08-019151CF10A.

This Cause was referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. Admin. Order 2019-2; and Rules 8(b) and 10 Governing Section 2254 Cases in the United States District Courts.

A brief history of the instant habeas proceeding is warranted. Petitioner initiated the instant habeas proceeding on October 8, 2018. [ECF No. 1]. Shortly thereafter, the prior magistrate judge[1] entered a report recommending that the case be dismissed as untimely. [ECF No. 5]. Over Petitioner's objections, the Court adopted the report and closed the case. [ECF No. 8].

Petitioner filed a motion for reconsideration. [ECF No. 13]. Petitioner argued that the state court's order denying his third motion post-conviction relief was void because it was entered by a recused judge, Ilona M. Holmes[2]; therefore, according to him, the instant petition was timely. [ECF No. 13]. The prior district judge[3] granted Petitioner's motion, reopened this case, and referred it back to the magistrate judge because, "[i]f Petitioner is correct" -- that the judge was recused when she entered the order -- then the period "between June 8, 2018, and October 8, 2018, when he filed the Petition for Habeas Corpus" would be properly tolled. [ECF No. 14]. Accordingly, an order to show cause was issued. [ECF No. 15].

The Court has considered the State's response and exhibits. [ECF Nos. 18, 19, 20, 21] and Petitioner's reply. [ECF No. 30]. Given the ongoing proceedings in the

---

[1] The matter was previously assigned to Magistrate Judge Patrick A. White. The case was reassigned to the Undersigned pursuant to S.D. Fla. Admin. Order 2019-2. [ECF No. 16].

[2] The Honorable Ilona M. Holmes presided over Petitioner's trial and post-conviction proceedings.

[3] District Judge Cecelia M. Altonaga was previously assigned to this case. The case was later reassigned to District Judge Roy Altman. [ECF No. 35].

state courts, the parties, as well as this Court, have supplemented the record. [ECF Nos. 33, 37, 38, and 39]. Initially, the Undersigned issued a second report recommending dismissal without prejudice given the continuing state proceedings. [ECF No. 42]. In objections, Respondent informed the Court that the proceedings had "since concluded" and maintained the federal habeas petition was untimely. [ECF No. 43]. The Undersigned vacated the report. [ECF No. 46]. This Report follows.

The question of whether the instant federal habeas petition is timely is only seemingly dependent upon whether Judge Holmes was disqualified and recused at the time she ruled on Petitioner's third post-conviction motion. For the reasons set forth, the petition for federal habeas relief should be DISMISSED as TIME-BARRED.

## II.    Claims

Liberally construed pursuant to *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and, as noted by the prior magistrate judge, Petitioner, essentially, raises three ineffective assistance of counsel claims:

1. Counsel failed to object to the false testimony presented by Barbara Goodson. [ECF No. 1 at 5-25]. The presentation of this testimony violated *Giglio v. United States,* 405 U.S. 150 (1972). [*Id.*].
2. Counsel failed to object to the misrepresentation of State Exhibit 68 where the summary of the exhibit was inaccurate. [*Id*. at 5, 9, 15, 25, 27].

3

      3.   Counsel failed to request a read-back of Goodson's testimony. [*Id*. at 25].

Petitioner did not address the timeliness issue in his petition. [ECF No. 1]. He only raised the issue in his objections to the prior magistrate judge's report and in his reply to the State's response.

### III.    Procedural History

#### A. *Trial, Sentencing, Direct Appeal*

On October 3, 2012, a jury found Petitioner guilty of numerous felonies: (Count 1) racketeering, (Count 2) conspiracy to commit racketeering, and (Counts 3 and 10) first-degree grand theft, and (Counts 9, 11, 13, and 14) second-degree grand theft. [ECF No. 19-1 at 60-71, 73-74]. The trial court sentenced Petitioner to thirty years in prison for each of Counts 1 through 3, set to run concurrently, and fifteen years for each of the remaining counts, also to run concurrently. [*Id*. at 76-99].

Petitioner appealed his sentence to the Fourth District Court of Appeal (Fourth DCA) in Case No. 4D13-113. [*Id*. at 101-107; *see also* appellate brief, *Id*. at 162-213]. On February 18, 2016, the Fourth DCA affirmed Petitioner's conviction and sentence, *per curiam* and without written opinion. *Cuffy v. State of Florida*, 186 So. 3d 1037 (Fla. 4th DCA 2016). Petitioner did not seek discretionary review by the Florida Supreme Court. [ECF No. No. 19-1 at 101-107]. The time for doing so expired thirty days after the appellate court's affirmance of Petitioner's conviction,

or no later than March 18, 2016.[4] Because he did not seek discretionary review from the Florida Supreme Court, Petitioner is not entitled to an additional ninety days to seek a writ of certiorari in the Supreme Court of the United States. *Gonzalez v. Thaler*, 565 U.S. 134 (2012).[5] *See also* Sup. Ct. R. 13. Therefore, at the earliest, Petitioner's convictions were final on March 18, 2016. However, assuming without deciding that Petitioner were entitled to appeal to the Supreme Court of the United States, then, alternatively, his conviction would become final ninety days later, on **May 8, 2016**, when the time to appeal to the Supreme Court of the United States expired. Petitioner had only one year to file a federal habeas petition pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA") -- no later than **May 8, 2017**, absent any properly-filed tolling motions. For purposes of this Report, the

---

[4] Pursuant to Fla. R. App. P. 9.120(b), a motion to invoke discretionary review must be filed within thirty days of rendition of the order to be reviewed.

[5] In applying *Gonzalez* to this case, Petitioner is not entitled to the ninety-day period for seeking certiorari review with the Supreme Court of the United States because after his judgment was affirmed on direct appeal, he did not attempt to obtain discretionary review by Florida's state court of last resort -- the Florida Supreme Court -- nor did he seek rehearing with the appellate court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that conviction becomes final upon expiration of time for seeking direct review); *Jimenez v. Quarterman*, 555 U.S. 113, 118-21 (2009) (explaining the rules for calculating the one-year period under § 2244(d)(1)(A)). *See also Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *Chavers v. Sec'y, Fla. Dep't. of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006) (*per curiam*) (holding that one-year statute of limitations established by AEDPA began to run ninety days after Florida appellate court affirmed habeas petitioner's conviction, not ninety days after mandate was issued by that court). Accordingly, where a state prisoner pursues a direct appeal but does not pursue discretionary review in the state's highest court after the intermediate appellate court affirms his conviction, the conviction becomes final when time for seeking such discretionary review in the state's highest court expires. *Gonzalez, supra*.

Undersigned utilizes the later date because, *even when giving Petitioner this additional time*, this federal petition remains time-barred. Accordingly, the time began to run.

### B. State Post-Conviction Proceedings

Petitioner's post-conviction proceedings, which were initiated and denied during the pendency of his direct appeal, are not outlined here because they do not affect the limitations period. After the appellate decision affirming Petitioner's conviction and sentence, but before his conviction became final, on **March 3, 2016**, Petitioner filed a motion to correct sentence pursuant to Fla. R. Crim. P. 3.800 raising ineffective assistance of counsel claims. [ECF No. 19-1 at 153-157]. On **March 11, 2016**, the trial court denied the motion without prejudice because it should have been presented pursuant to Fla. R. Crim. P. 3.850 (Rule 3.850). [*Id*. at 160].

On **March 25, 2016**, Petitioner filed a Rule 3.850 motion [*Id*. at 295-306] followed by an amended motion raising four ineffective assistance of counsel claims (different from the ones presented in the instant proceeding). [*Id*. at 308-320]. After the State filed its response, Petitioner submitted a supplemental motion adding three ineffective assistance of counsel claims (also not argued in the instant federal petition). [*Id*. at 369-373]. On **December 15, 2016**, the trial court denied the motion as procedurally barred, incorporated the State's response, finding that the claims "are

merely rewordings of arguments" he "raised or should have raised on direct appeal." [*Id*. at 477-478].

Petitioner appealed the denial in Case No. 4D17-0251. During its pendency, on January 11, 2017, Petitioner filed a petition for "Writ of Habeas Corpus" in the Fourth DCA in Case No. 4D17-0227 raising claims of ineffective assistance of appellate counsel. [*Id*. at 512, 514-529]. On March 3, 2017, the Fourth DCA denied the petition. [*Id*. at 531]. Eventually, on April 15, 2017, the Fourth DCA affirmed the trial court's denial of Petitioner's Rule 3.850 motion, *per curiam* and without written opinion. *Cuffy v. State of Florida*, 230 So. 3d 858 (Fla. 4th DCA 2017). The appellate court issued its mandate on **May 12, 2017**. [ECF No. 19-1 at 510].

The period from the time Petitioner's conviction became final, **May 8, 2016,** through **May 12, 2017,** was properly tolled because Petitioner filed his post-conviction motions before the conviction became final.

*Twenty-five days* after the Fourth DCA issued its mandate, on **June 6, 2017,** pursuant to the prison mailbox rule[6], Petitioner filed his second post-conviction motion pursuant to Rule 3.850 claiming counsel failed to object to Goodson's perjured testimony and the falsified evidence (exhibit 67). [ECF No. 19-1 at 535-549]. Just ten days later, the trial court denied the motion as procedurally barred

---

[6] Prisoners' documents are deemed filed at the moment they are delivered to prison authorities for mailing to a court, and absent evidence to the contrary will be presumed to be the date the document was signed. *See Washington v. United States*, 243 F. 3d 1299, 1301 (11th Cir. 2001).

because he could have raised the matter on direct appeal or in his first post-conviction motion and the claims otherwise failed on the merits. [*Id*. at 551-552]. Petitioner appealed the denial in Case No. 4D17-2164. [*Id*. at 533, 561, 579-598].

While Case No. 4D17-2164 was pending, on **July 27, 2017**, Petitioner returned to the trial court and filed a motion for disqualification seeking Judge Holmes' recusal alleging he had new evidence that Judge Holmes conspired with the chief judge to rule against him in all proceedings. [*Id*. at 563-568]. He also filed an unsworn motion for reconsideration of a new trial on the same basis. [*Id*. at 571-577].[7] On **September 6, 2017**, the Fourth DCA affirmed the denial of the second Rule 3.850 motion, *per curiam* and without written opinion. *Cuffy v. State of Florida*, 231 So. 3d 446 (Fla. 4th DCA 2017). The appellate court issued its mandate on **October 6, 2017**. [ECF No. 19-1 at 602]. During this period, from **June 6, 2017**, through **October 6, 2017**, the statute of limitations was properly tolled.

*Two hundred and forty-five days later*, on **June 8, 2018**, Petitioner filed his *third* Rule 3.850 motion – "acknowledging that it was [filed] outside the two year" statute of limitations[8] and restating the claims he made in his motion for disqualification that he had "newly discovered evidence," he had learned of one year

---

[7] Before filing the motion for disqualification, on July 20, 2017, Petitioner filed a criminal mandamus petition with the Fourth DCA in Case No. 4D17-2352, which was denied on August 15, 2017. [ECF No. 19-1 at 609]. This is not detailed in the report because it does not affect the timeliness analysis were the period is already properly tolled.

[8] Florida's statute of limitations is two years. Fla. R. Crim. P. 3.850(b).

earlier, that Judge Holmes was not authorized to preside over his criminal case because there was no "official order or document…assigning this matter to Judge Holmes after Judge Levenson recused himself."[9] [ECF No. 19-1 at 604-605]. At this point, 270 days of the limitations period had expired (25 + 245 = 270). Four days later, on June 12, 2018, the trial court denied and dismissed the motion as successive, on the merits, and noted that Petitioner conceded the motion was time-barred and successive. [*Id*. at 607-608]. These four days are not tolled because the motion was filed outside Florida's two-year statute of limitations. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414, (2005). Just ninety-one days remained (365 – 274 = 91).

*One hundred days later*, on **September 20, 2018**, Petitioner filed an untimely motion for reconsideration. [ECF No. 19-1 at 625-*See* Fla. R. Crim P. 3.850(j) (motions for rehearing of any order addressing a motion under this rule must be filed within fifteen days of the date of service of the order). By this time, the statute of limitations had sufficiently expired and could not be revived (274 + 100 = 374). *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). Finally, Petitioner waited another *eighteen days*, until **October 8, 2018**, before filing the instant habeas

---

[9] The mailbox rule does not apply here because the filing was submitted electronically and was not dated by Petitioner.

petition.[10] [ECF No. 1]. In total, **392 days** of the limitations period had expired (374

+ 18 = 392).

## IV.   Discussion-Timeliness

### A.  General Principles of Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this

proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998)

(*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations

on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C.

§ 2244(d)(1). Specifically, the AEDPA provides that the limitations period shall run

from the latest of —

> A. the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time
> for seeking such review;
>
> B. the date on which the impediment to filing an application
> created by State action in violation of the Constitution or
> laws of the United States is removed, if the applicant was
> prevented from filing by such action;
>
> C. the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if that right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or

---

[10] During the pendency of the instant proceeding, Petitioner returned to the state court filing successive motions for post-conviction relief. [ECF No. 19-1 at 632-637]. These are not addressed in greater detail because they are not relevant to the timeliness analysis.

> D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

Here, as narrated above, in the underlying case, Petitioner's conviction became final on **May 8, 2016**. Although Petitioner litigated several motions for post-conviction relief over the years, unfortunately, there was a period of at least 392 days from the time his conviction became final where there was no properly filed motion to toll the period. Accordingly, this petition should be dismissed as time-barred.

### *B. Statutory Tolling Under § 2244(d)(1)(A)*

Although AEDPA establishes a one-year limitations period for filing § 2254 motions, the limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Consequently, this petition is time-barred, pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2).

An application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery,

the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). Consequently, if the petitioner sat on any claim or created any time gaps in the review process, the one-year clock would continue to run. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

As narrated above, Petitioner's conviction became final on **May 6, 2016**.[11] At this point, the time begins to tick. Petitioner litigated a number of motions in state court after his conviction became final. Ultimately, he waited more than one year before initiating the instant habeas proceeding. [ECF No. 1]. Once the limitations period expires, it cannot be revived. *Sibley v. Culliver*, 377 F.3d at 1204.

### C. Equitable Tolling and the Motion to Disqualify Judge Holmes

Given the detailed procedural history narrated above, this federal habeas proceeding is due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). In that regard, the Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights

---

[11] To maintain brevity, this Report does not repeat the citations as articulated in the procedural history above.

diligently, and (2) that some extraordinary circumstance stood in his way' and prevent timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland v. Florida*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also, Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (*per curiam*) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances that are both beyond his control and unavoidable with diligence" and this high hurdle will not be easily surmounted).

"The diligence required for equitable tolling purposes is reasonable diligent, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Fla.*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)).

Here, Petitioner argues that his petition is timely because Judge Holmes did not have authority to issue the order of June 12, 2018, denying his third motion for

13

post-conviction relief; this is so because he had a pending motion to have her

disqualified and recused.[12] He maintains that because the trial court did not rule on

his motion within thirty days, the motion is deemed granted pursuant to Fla. R. Jud.

Admin. 2.330(j), (h). [ECF No. 6, 7]. Petitioner also relies on *Rogers v. State*, 341

So. 2d 196 (Fla. 4th DCA 1976); *Berube v. State*, 978 So. 2d 893 (Fla. 2d DCA

---

[12] Petitioner does not raise the issue of whether Judge Holmes' should have been recused as an independent claim in his federal habeas petition. [ECF No. 1]. It is within his objections to the prior magistrate's report that Petitioner first presents the issue as affecting the timeliness of the instant federal habeas petition. [ECF No. 6].

Arguments not raised by a petitioner before the magistrate judge cannot be raised for the first time in objections to the undersigned's Report. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Here, to the extent it could be construed that Petitioner attempted to raise the issue of Judge Holmes' disqualification and recusal as a new claim or argument in his objections, the Court should exercise its discretion and decline to address the newly-raised arguments.

Petitioner was required to state all of his claims and the factual support for those claims in his petition. *See* Rule 2(c), Rules Governing Habeas Corpus Cases Under Section 2254 ("The petition must: (1) specify all the grounds for relief available to the petitioner . . ."). Petitioner may not amend his petition as a matter of course by including new and independent factual claims in his reply brief because Respondent had already served its answer. *See* Fed. R. Civ. P. 15(a) (a party is permitted to amend a pleading once "as a matter of course" at any time before a responsive pleading is served or, otherwise, only by leave of court or by written consent of the adverse party); Rule 11 of the Rules Governing Section 2254 Proceedings (district court may apply the Federal Rules of Civil Procedure consistent with the Rules Governing Section 2254 Proceedings).

In sum, Petitioner did not raise these factual assertions in his petition and is, thus, also barred from raising any in his Reply. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (traverse is not proper pleading to raise additional grounds for relief; in order for state to be properly advised of additional claims, they should be raised in amended petition or statement of additional claim). This Court is mindful of its responsibility to address and resolve all claims raised in a petition. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (instructing "the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254." *Williams v. Florida Dep't. of Corr.*, 391 F. App'x 806, 810 (11th Cir. 2010). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

2008); *Schisler v. State*, 958 So. 2d 503 (Fla. 3d DCA 2007); and *Johnson v. State*, 968 So. 2d 61 (Fla. 4th DCA 2007). [ECF No. 7].

The State relies on *Kluck v. Cloninger*, 39 So. 3d 1277 (Fla. 5th DCA 2010) and is correct that the trial court did not have jurisdiction to rule on Petitioner's motion to disqualify because he had appealed the denial of the third post-conviction motion. [ECF No. 18 at 16]. The State is incorrect that the trial court would regain jurisdiction on the matter once the appellate court issued its mandate – on **October 6, 2017**. [*Id.*].

The Court addresses Petitioner's arguments first. Indeed, Florida Rule of Judicial Administration 2.330(j) provides:

> The judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). If not ruled on within 30 days of service, the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.

As applied, Petitioner's citations to various cases, though instructive, are ultimately distinguishable. In *Rogers v. State*, a defendant's attorney moved to have the trial judge recuse himself. The motion was **_granted_**; however, the trial judge *sua sponte* vacated the recusal and conducted the remainder of the proceedings over objections. The Fourth DCA held that "[o]nce the trial judge recused himself, further orders of his were void and of no effect." 341 So. 2d at 196.

In *Berube v. State*, the inmate filed a motion to disqualify the judge from presiding over his **ongoing** post-conviction proceeding. But the point at which Berube filed the motion was after the court had granted him an evidentiary hearing. 978 So. 2d at 893-894. In other words, the trial court proceeding had not yet concluded. There, because the judge had not ruled on Berube's motion to disqualify within thirty days, the motion was **deemed granted**; and the post-conviction court had no authority to hear and make a determination on Berube's motion for post-conviction relief. *Id*. at 894.

In *Johnson v. State*, the Fourth DCA addressed a petition for writ of prohibition. There, Johnson sought to disqualify a judge from continuing to preside over his five cases (three were criminal cases where he was the defendant and two were civil cases where he petitioned for writs of mandamus). When there was no ruling on Johnson's motion within the thirty-day period, just three days later the petitioner served his motion for an order from the clerk directing reassignment of his cases. 968 So. 2d at 62. Just like Berube, Johnson's trial court cases were **ongoing** and not on appeal. In *Johnson*, the judge, nonetheless, continued to issue orders in the criminal cases. *Id*. Accordingly, those orders were void.

Here, Petitioner **did not** file the motion to have Judge Holmes recused during the trial court's second post-conviction proceeding (or any ongoing proceeding for that matter unlike Berube and Johnson). As explained above, it was during the

pendency of Case No. 4D17-2164, when Petitioner returned to the trial court and filed the motion seeking Judge Holmes' recusal. [ECF No. 19-1 at 563-568]. The court never ruled on the motion. Then, ***more than one year later***, on July 16, 2018, in an attempt to enforce his motion, Petitioner moved to have his case reassigned. [ECF No. 19-1 at 628]. The court denied the motion on August 14, 2018. [*Id*. at 630]. Ultimately, the question of recusal turns on whether Petitioner properly filed his motion for disqualification.

The motion to disqualify must be timely: "[a] motion to disqualify shall be filed within a reasonable time not to exceed 10 days after discovery of the facts constituting the grounds for the motion and shall be promptly presented to the court for an immediate ruling." Fla. R. Jud. Admin. 2.330(c). A motion to disqualify can only be deemed granted under the rule "only if the trial court has failed to rule within thirty days after service of the motion as required by Rule 2.330(c) . . . [otherwise] the motion [is] not deemed automatically granted by operation of the rule. *Hedrick v. State*, 6 So. 3d 868 (Fla. 4th DCA 2009) (citing *Johnson v. State*, 968 at 63 n.2). *See also Braddy v. State*, 111 So. 3d 810 (2012). In addition, a Florida appellate court will deny a request for a ruling on a motion for recusal where "the issues presented by the motion for recusal have been known to petitioners for some time" and the petitioners "wait until immediately before the scheduled final hearing to seek

relief in" the court of appeals. *Alma's Italian & Seafood Restaurant v. Jones*, 627 So. 2d 605, 606 (Fla. 1st DCA 1993).

Most importantly, the Eleventh Circuit has held that, although Florida statutes do not discuss the timeliness of a post-conviction disqualification motion, "Florida courts have deemed a motion for recusal to be untimely if the moving party waits to file the motion until after it has suffered an adverse ruling, unless the party can show good cause for the delay." *Ferguson v. Sec'y for the Dep't of Corr.*, 580 F.3d 1183, 1218-1219 (11th Cir. 2009) (citing *Fischer v. Knuck*, 497 So. 2d 240, 243 (Fla. 1986).

It is clear Petitioner sought Judge Holmes' recusal only after her adverse ruling on his second post-conviction motion. Accordingly, the motion would be untimely unless he can show good cause for the delay in filing. On November 26, 2018, Petitioner submitted a petition for Writ of Prohibition to the Fourth DCA in Case No. 4D18-3580 arguing the same -- that Judge Holmes should have been recused as a result of his motion to disqualify. [ECF No. 33-1 at 5, 7-14]. The state presented the same arguments it presents here along with *Nilio v. State*, 143 So. 3d 424, 426 (Fla. 1st DCA 2014). On May 21, 2019, the Fourth DCA denied the petition for Writ of Prohibition.

In *Nilio*, the First District Court of Appeals held:

> We find no authority dictating that a motion to disqualify filed
> when the trial court's jurisdiction has not otherwise been invoked

18

is held in abeyance until the court possesses jurisdiction over some other substantive matter. Nor would such a pronouncement be reasonable given the strict and unforgiving nature of the 30-day requirement set forth in rule 2.330(j), and the burden such a procedure would place on trial judges in that circumstance. We conclude that [the] motion for disqualification, having been filed at a time when the trial court's jurisdiction had not been invoked for any other purpose, was void ab initio and therefore did not implicate the provision of rule 2.330(j) upon which [petitioner] relies. The petition for writ of prohibition is denied.

Accordingly, *Nilio* contradicts the State's assertion that the trial court would regain jurisdiction to hear Petitioner's motion for disqualification at a future date. Because Petitioner's motion for disqualification was filed at a time where the trial court's jurisdiction was not invoked (during the appeal of the denial of the second motion for post-conviction relief), at the outset, the motion did not implicate Rule 2.330(j). Accordingly, the motion **could not** have been deemed as granted after thirty days had passed.

Petitioner maintains in his reply that the timeliness "hinges on whether Judge Holmes was recused when she entered the June 12, 2018, order denying Petitioner's motion." Not so, although, the Undersigned has thoroughly entertained the argument. It remains that Judge Holmes' order denying Petitioner's third post-conviction motion had *no effect* on the limitations period. Under Florida law, Petitioner's third motion for post-conviction relief was untimely filed (*by his own admission*) no matter who the presiding judge might be; and the statute of limitations is not tolled where a motion is not properly filed. *Pace v. DiGuglielmo*, 544 U.S. at

19

414. As aptly put forth by the State, it is "meaningless" as applied to the federal habeas petition. [ECF No. 43 at 4]. Petitioner did not file any proper tolling motion between June 8, 2018, and the filing of the instant federal habeas petition on October 8, 2018 – a period of 122 days. Combined with the 270 days which expired prior to filing of the third post-conviction motion, 392 days puts Petitioner well outside the federal limitations period.

While the record reveals that Petitioner was a proactive litigant at the state trial court, here, he has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling" for the time wasted and the absence of filing any proper post-conviction motion between the time his conviction became final and the filing of the instant habeas petition. *See San Martin v. McNeil,* 633 F.3d at 1271. The Court is not unmindful that Petitioner pursued collateral relief in the state forum. However, it is evident that there was well over one year of untolled time during which no properly filed post-conviction proceedings were pending which would act to toll the federal limitations period. As a result of Petitioner's failure to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

Because this habeas corpus proceeding instituted on October 8, 2018, is untimely, Petitioner's claim challenging the lawfulness of his conviction and judgment is now time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2).

20

### D. Fundamental Miscarriage of Justice/Actual Innocence

No fundamental miscarriage of justice will result if the court does not review on the merits Petitioner's grounds for relief raised herein. The law is clear that a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held that Section 2244(d)'s limitations period carries an exception for actual innocence; and it has declined to reach the issue whether the absence of such an exception would violate the Constitution. *See Taylor v. Sec'y, Dep't of Corr.*, 230 F. App'x. 944, 945 (11th Cir. 2007) (*per curiam*) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because [the petitioner] has failed to make a substantial showing of actual innocence."); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1218-19 (11th Cir. 2000) (*per curiam*) (leaving open the question whether the § 2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional

21

suspension of the writ). *But cf. United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2000) ("Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by appellant's failure to timely file his § 2255 motion."). However, several other circuits have recognized such an exception. *See, e.g., Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005); *Flanders v. Graves*, 299 F.3d 974 (8th Cir. 2002).

Even if there were an "actual innocence" exception to the application of the one-year limitations provisions of § 2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the "'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

Courts have emphasized that actual innocence means factual innocence, not mere legal insufficiency. *Id.*; *see also High v. Head*, 209 F.3d 1257 (11th Cir. 2000); *Lee v. Kemna*, 213 F.3d 1037, 1039 (8th Cir. 2000); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107 (2d Cir. 2000) (*citing Schlup v. Delo*, 513 U.S. at 299; *Jones v. United States*, 153 F.3d 1305, 1308 (11th Cir. 1998) (holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable

22

juror would have convicted him). *See also Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324.

Here, assuming, without deciding, that a claim of actual innocence might support equitable tolling of the limitation period, notwithstanding, Petitioner has failed to make a substantial showing of "actual innocence" of the crimes for which he was found guilty following a jury trial and the appellate court's affirmation of his conviction.

On the record before this court, no fundamental miscarriage of justice will result by time-barring the claims raised in this habeas proceeding. Petitioner's conviction of guilt rests on the verdict of the jury. In other words, Petitioner has not presented sufficient evidence to undermine the Court's confidence in the outcome of his criminal proceedings sufficient to show that a fundamental miscarriage of justice will result if the claim(s) are not addressed on the merits.

Here, because Petitioner is not demonstrating actual, factual innocence, his claim warrants no habeas corpus relief. *See e.g., Scott v. Duffy*, 372 F. App'x 61, 63-

23

64 (11th Cir. 2010) (*per curiam*) (rejecting habeas petitioner's actual innocence claim where no showing made of factual innocence of aggravated assault underlying his probation revocation and instead merely cited to evidence from probation revocation hearing and argued it did not support revocation of probation); *see also, Bousley v. United States*, 523 U.S. at 623.

Consequently, under the totality of the circumstances present here, this federal petition is NOT TIMELY and should be dismissed.

## V.    Evidentiary Hearing

Based upon the foregoing, any request by Petitioner for an evidentiary hearing on the merits of any or all of his claims should be denied since the habeas petition can be resolved by reference to the state court record. 28 U.S.C. § 2254(e)(2); *Schriro v. Landrigan*, 550 U.S. at 474 (holding that if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). *See also Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (addressing the petitioner's claim that his requests for an evidentiary hearing on the issue of trial counsel's effectiveness during the penalty phase of his trial in both the state and federal courts were improperly denied, the court held that an evidentiary hearing should be denied "if such a hearing would not assist in the resolution of his claim."). Petitioner has failed to satisfy the statutory

requirements in that he has not demonstrated the existence of any factual disputes that warrant a federal evidentiary hearing.

## VI.    Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability (COA) to do so. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180, 183 (2009).

This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

After review of the record, Petitioner is not entitled to a certificate of appealability. Nevertheless, as now provided by the Rules Governing § 2254 Proceedings, Rule 11(a), 28 U.S.C. § 2254: "Before entering the final order, the

court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Court Judge in the objections permitted to this report and recommendation.

### VII.    Recommendation

For the reasons stated above, it is recommended that the petition [ECF No. 1] be DISMISSED as UNTIMELY.

Objections to this Report may be filed with the District Court Judge within fourteen days of receipt of a copy of the Report. Failure to file timely objections shall bar Petitioner from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 22nd day of July, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Johnson Cuffy
       L74637
       New River Correctional Institution
       Inmate Mail/Parcels
       PO Box 900
       Raiford, FL 32083
       PRO SE

Paul Patti, III
Office of the Attorney General
1515 N. Flagler Drive, Ste. 900
West Palm Beach, FL 33401-3428
561-837-5016
Fax: 561-837-5108
Email: paul.patti@myfloridalegal.com